JOHN W. SHEA, Appellant, *v.* MARGARET L. SHEA, Respondent.

Fourth Department, May 7, 1924.

Contracts — action to recover on written contract for payment of money — defense of duress and lack of consideration — verdict in favor of defendant against evidence — arguments of counsel — improper for defendant's counsel to refer to change of counsel by plaintiff — though present verdict is second in favor of defendant it will not be permitted to stand.

In an action to recover on a written contract for the payment of money, the verdict of the jury that the defendant was compelled to execute the contract through duress, is contrary to the weight of the evidence, where it appears that though the defendant claims that the plaintiff accused her prior to the execution of the contract of causing the death of the brother of the parties and of brutal treatment of their parents and sister, the defendant executed the contract only after several conferences with her attorney, and that she is not corroborated in her testimony concerning the duress.

Likewise, the finding of the jury of lack of consideration is against the weight of the evidence in view of the proof of the plaintiff's agreement of forbearance and his retainer as attorney and counselor at law with his tender of service under it.

It was prejudicial error in this case, which was sharply contested, for defendant's attorney in his argument before the jury, to draw an unfavorable inference against the plaintiff, from the fact that he was represented upon the present trial by different counsel, and especially by his statement that the attorney who appeared upon the first trial could not be induced to continue in the case.

While the present trial resulted in the second verdict in favor of the defendant, the Appellate Division will not follow the rule that the second verdict will often be allowed to stand upon the same evidence upon which the court set aside a similar verdict as against the weight of the evidence in the first instance, since it appears that the judgment on the first trial was reversed because of the many errors committed by the trial court. In such case it cannot be said that the two juries came to the same conclusion on the same proofs.

HUBBS, P. J., dissents.

Appeal by the plaintiff, John W. Shea, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 21st day of February, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying the plaintiff's motion for a new trial made upon the minutes.

*John W. Shea,* for the appellant, in person.

*H. V. Rulison* and *Edward W. Cregg,* for the respondent.

Sears, J.:

The parties to this action are brother and sister. The plaintiff's complaint is founded upon a written instrument, by the terms of which the defendant promised and agreed to pay to the plaintiff the sum of $6,000. The defenses relied upon by the defendant are duress and want of consideration.

The action has been tried three times. The first and third trials resulted in verdicts in favor of the defendant, and the second trial in a disagreement of the jury. The judgment entered upon the verdict at the first trial was reversed upon appeal by this court for errors of law and as a matter of discretion. (197 App. Div. 126.) The facts are sufficiently stated in the opinion upon the former appeal.

A careful review of the evidence in the record now before us has convinced us that the finding of the jury upon both of the defenses mentioned is contrary to the weight of evidence.

As to duress, the verdict must rest upon the testimony of the defendant herself as to the course of two interviews which she had with the plaintiff, and as to her mental condition, supported by the facts that the plaintiff did spread rumors, which reached the defendant's ears, of foul play on the defendant's part in connection with the death of James R. Shea, the brother of the parties to this litigation, and the admission of the plaintiff himself that at the earlier of the two interviews he told the defendant that she deserved electrocution for the brutal treatment that she had given their parents and their sister Nora. On the other hand, it is established that the defendant consulted her lawyer before the first interview, and again after it took place, at which latter time she read to her lawyer the instrument which the plaintiff had prepared for her to sign (omitting in reading the sum of money which was included, but saying it was quite a sum). Between the two interviews she wrote a letter to the plaintiff which indicates a full understanding of what the plaintiff was asking, and a willingness to negotiate with him further. The letter is phrased in friendly terms, though it was written after the meeting between the parties when the plaintiff

had made the observation to the defendant about her conduct which he admitted as has been already mentioned. The second interview was the one at which the instrument sued on was signed. It was arranged for by defendant's lawyer. During part of the interview the defendant's lawyer was himself present. There was discussion of the form of the instrument. Before signing the defendant had a conference with her lawyer apart from the plaintiff. The defendant's lawyer made certain changes in the wording of the instrument so as to make the time for payment easier for the defendant. When we take into consideration these acts of the defendant herself and of her legal adviser as well as absence of corroboration of the defendant's account of the interviews in the testimony of Catherine M. Perkins, a sister, who was staying with defendant, and who accompanied her and was present with her throughout both the interviews referred to, and the absence of corroboration in the testimony of the defendant's lawyer, we find the overwhelming weight of evidence contrary to the jury's verdict upon this issue.

Likewise the finding of the jury of want of consideration is against the weight of evidence in view of the proof of the plaintiff's agreement of forbearance and his retainer as an attorney and counselor at law with his tender of service under it.

This was a case where as counsel for the defendant said in his argument to the jury, feeling ran high and much bitterness was engendered. It was by that circumstance all the more clearly indicated to counsel that the proper bounds of the privilege of counsel in presenting arguments to the jury should be strictly respected. We have lately had occasion to remind the bar that when counsel in a close case fail to observe the salutary rules in this respect in their zeal to win a verdict, they imperil the very verdict which they thus seek. (*Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co.*, 207 App. Div. 787. And, see, *Graham* v. *Graham*, 142 id. 131.) In much of what counsel for the defendant said in the part of his argument which is printed in the record he went to the very limit of those bounds in his perfervid language, but we are not disposed to hold such bounds overstepped except in one instance. The attempt to draw an inference unfavorable to the plaintiff from the fact that he was represented upon this trial by a different counsel from the one who had represented him on the first trial was utterly unwarranted and when he added, " Why isn't Charles Hitchcock here? Because, probably he heard of things here because of which he wouldn't have anything to do with it — couldn't get him in here," he very probably impressed the jury but he imperiled any possible verdict that he might obtain.

We fully appreciate that this is a second verdict and that a second verdict will often be allowed to stand on the same evidence upon which the court set aside a similar verdict as against the weight of evidence in the first instance. The present case does not justify such disposition. The first trial, as appears from the opinion of this court, was replete with error. In such case we cannot say that two juries have come to the same conclusion on the same proofs. We do not know upon what the first jury based its verdict.

The judgment and order appealed from should be reversed upon the facts and a new trial granted, with costs to the appellant to abide the event.

All concur, except HUBBS, P. J., who dissents and votes for affirmance.

Judgment and order reversed upon the facts and new trial granted, with costs to appellant to abide event.